**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CHAPTER 13 PLAN**

                                        Docket # 10-22011-WCH

DEBTOR:    Debra L. Brooks           SSN: xxx-xx-0822

TERM OF THE PLAN IS 6 Months (If the plan is longer than thirty-six (36) months, a statement of cause pursuant to 11 U.S.C. §1322(d) must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly: $100.00 for 5 months, with a one-time lump sum payment of $6,939.98 from the Debtor's portion of her divorce settlement.

1.    SECURED CLAIMS

A.    CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| TD Bank, N.A.<br>P.O. Box 9547<br>Portland, ME  04112 | Arrears on Auto Loan | $1,373.72 |

Total of secured claims to be paid through the Plan = $1,373.72

B.    CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| Bridgewater Saving Bank<br>756 Orchard Street<br>Raynham, MA  02767-1028<br>(Debtor's Spouse to pay) | First Mortgage | $150,000.00 |
| Domestic Bank<br>815 Reservoir Ave<br>Cranston, RI  02910<br>(Debtor's Spouse to pay) | Second Mortgage | $12,000.00 |
| TD Bank, N.A.<br>P.O. Box 9547<br>Portland, ME  04112-9547 | Regular Payment on Motor Vehicle Finance loan | $14,108.82 |

II.  PRIORITY CLAIMS

| Creditor | Description of Claim | Amount of claim |
|---|---|---|
| None. | | |

Total of priority claims to be paid through the plan $0.00

III. ADMINISTRATIVE CLAIMS

A.  Attorneys fees (to be paid through the plan): $1,874.00.  To be paid in first six months of Plan.

B.  Miscellaneous fees:   None

C.  The chapter 13 trustee's fee is determined by order of the United States Attorney General.  The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.  In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

IV.  UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of 10.00% of their claims.

A. General unsecured claims:   $ 34,482.26

B. Undersecured claims arising after lien avoidance/cramdown: None.

   Total of A + B general unsecured claims: $ 34,482.66

   C.  Multiply total by percentage of dividend: $ 3,448.27

D.  Separately classified unsecured claims:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Nicole M. Procida, Esquire 20 Park Plaza -- 4th Floor Boston, MA  02116 | Legal Fees | $2,000.00 |

To be paid in full outside of plan, upon divorce settlement.

V.   OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan: Divorce
   Property Settlement from share of marital home.

B. Modification of Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

   None.

C. Miscellaneous provisions:  None.

VI.    CALCULATION OF PLAN PAYMENT

a. Secured claims (Section I-A Total): $1,373.72

b. Priority claims (Section II Total): 0.00

c. Administrative claims (Section III A + B Total): $1,874.00

d. General unsecured claims (Section IV-C Total): $3,448.27

e. Separately classified unsecured claims(Sec. IV-D Total):0.00

Total of (a) through (e) above: $ 6,695.99

f. Divide (f) by .90 for total including Trustee's fee: Cost of Plan = $7,439.98

This represents the total amount to be paid into the chapter 13 plan)

Divide (g) Cost of Plan by Term of Plan: $100.00 for  5 months, with a one-time lump sum payment of $6,939.98  from the Debtor's portion of her divorce settlement.


g. Round up to nearest dollar: Monthly Plan Payment: $100.00 (Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326 (a) (1), unless the court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

                    LIQUIDATION ANALYSIS
I.       Real Estate:
         Address          Fair Market Value       Recorded Liens
                                                  (Schedule D)
     52    Forrest
Street, Berkley, MA      $282,500.00              $162,000.00

     Total Net Equity for Real Property:      $ 120,500.00
     Less Exemptions (Schedule C):            $ 120,500.00
     Available under a Chapter 7:             $      0.00

II. Automobile (Describe year, make and model)

| Vehicle | Value | Lien |
|---|---|---|
| | Exemption | |
| 2005 Dodge Grand Caravan | $8,000.00 | $ 14,108.82 |
| 2002 Suziki | $700.00 | $     0.00 |

```
    Net Value of Equity:                  $     700.00

    Less Exemptions (Schedule C):         $     700.00

    Available under a Chapter 7:          $       0.00
```

III. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

Value:                          $3,750.00

Less Exemptions (Schedule C):   $3,750.00

Available under a Chapter 7:    $    0.00

SUMMARY (Total amount available under Chapter 7): $ 0.00

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $0.00

Additional Comments regarding Liquidation Analysis:  None.

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of this Plan upon the Chapter 13 trustee, all creditors and interested parties and to file a certificate of service accordingly.

/s/ *John E. Zajac*
John E. Zajac, Esquire
**Carmichael & Zajac, P.C.**
170 High Street
Taunton, MA 02780
Telephone:  (508) 821-2552

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

/s/ *Debra L. Brooks*
Debtor: Debra L. Brooks              Date: November 16, 2010